UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAKEISHA ROLLINS,                        )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )    Civil Action No. 24-0605 (UNA)
                                         )
JULIE OTTMAN,                            )
                                         )
            Defendants                   )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. The Court grants the application and, for the reasons discussed below, dismisses the complaint.

Plaintiff brings this action against Judge Julie Ottman. Plaintiff alleged that Judge Ottman violated her constitutionally protected rights, violated federal and Tennessee state laws, and violated Tennessee rules of civil procedure in the course of Juvenile Court proceedings regarding the custody of plaintiff's children and culminating in the award of full custody to the children's father. Among other relief, plaintiff demands an award $1.3 million.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Here, accepting plaintiff's allegations as true, Judge Ottman was acting in her judicial capacity when she issued the rulings to which plaintiff objects. As a result, she is entitled to absolute judicial immunity from suit. *See Mirales v. Waco*, 502 U.S. 9, 11 (1991) (hodling that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Fuller*

1

*v. Mott*, No. 14-711, 2014 WL 1688038, at *1 (D.D.C. Apr. 23, 2014) (dismissing claim for damages against Superior Court judge because he enjoys absolute immunity).  Moreover, to the extent plaintiff seeks review of the Juvenile Court proceedings, this court "lack[s] jurisdiction to review judicial decisions by state . . . courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) ((citations and internal quotation marks omitted)).  Furthermore, the domestic relations exception deprives a federal district court of the "power to issue divorce . . . and child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to determine child support obligations, *see Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of jurisdiction over "grant[ing] a divorce, determin[ing] alimony or support obligations, or resolv[ing] parental conflicts over the custody of their children").  Dismissal is thus required here.

    A separate order will issue.

                                                              RANDOLPH D. MOSS
                                                              United States District Judge

DATE: March 18, 2024